UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFORMANCE CONTRACTING, INC., | No. 2:11-cv-02920-MCE-CKD |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Plaintiff Performance Contracting, Inc. ("Plaintiff"), initiated this action against Defendant United States of America (the "Government") on November 4, 2011, alleging claims for negligence, equitable indemnity, contribution and declaratory relief. Presently before the Court is the Government's Motion to Dismiss Plaintiff's Complaint ("Motion"). For the following reasons, Defendant's Motion is GRANTED with leave to amend.[1]

///
///
///
///
///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

## BACKGROUND[2]

In September of 2005, the Government, via the Department of Veterans Affairs ("VA"), contracted with a general contractor, Wynema, Inc. ("Wynema"), to construct a Specialty Clinic Building (the "Project") at the Sacramento Veterans Affairs Medical Center ("Medical Center") (the "General Contract"). The following year, Plaintiff entered into a subcontract with Wynema to perform the lath and plaster work (the "Subcontract"). Both the General Contract and the Subcontract were for a "Bid-Build" Project, which means neither Wynema nor Plaintiff had any design responsibility. Rather, the VA was responsible for providing complete plans and specifications for the Project.

Construction was completed in July of 2007. The following winter brought with it various storms, after which the VA complained to Wynema of water intrusion problems at the Project. The VA, Wynema and Plaintiff conducted testing to determine the cause of the water intrusion, which was eventually attributed, in whole or in part, to a variety of design defects and omissions, including: 1) omission of proper window flashing; 2) inadequate waterproof membrane around the windows; 3) inadequate T-molding around the windows; 4) lack of a window sill pan for the windows; 5) lack of any backing in the window framing; 6) lack of any backing for the stucco expansion joints and seams; and 7) failure to require that a performance mock-up of the window assembly and adjacent areas be built and water tested.

As a result of those findings, in December of 2010, Wynema filed a construction defect action against Plaintiff and other subcontractors in Sacramento County Superior Court. Roughly one year later, Plaintiff filed this action against the Government under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 et seq., alleging causes of action for: 1) negligence; 2) equitable indemnity; 3) contribution; and 4) declaratory relief. The crux of Plaintiff's Complaint is that "[t]he VA owed Plaintiff a duty of care to provide correct and proper plans for construction of the Project" and that "[t]he VA breached its duty to Plaintiff when it provided deficient plans and specifications for the Project." Complaint, ¶¶ 21-22.

---

[2] The following facts are taken, at times verbatim, from Plaintiff's Complaint.

Plaintiff also claims the Government failed to properly oversee construction and inspect Project work.  In response to Plaintiff's Complaint, the Government filed its instant Motion to Dismiss for lack of subject matter jurisdiction.  For the following reasons, the Government's Motion is GRANTED with leave to amend.

## STANDARD

Federal Courts are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  Lack of subject matter jurisdiction is never waived and may be raised by either party or the Court at any time.  Attorneys Trust v. Videotape Computer Prod., Inc., 93 F.3d 593, 594–95 (9th Cir. 1996).  In moving to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the challenging party may either make a facial attack on the allegations of jurisdiction contained in the complaint or can instead take issue with subject matter jurisdiction on a factual basis.  Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977).  If the motion constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true.  Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981); Mortensen, 549 F.2d at 891.  If the motion constitutes a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Thornhill, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).  The Court may properly consider extrinsic evidence in making that determination.  Velasco v. Gov't of Indon., 370 F.3d 392, 398 (4th Cir. 2004).

A court granting a motion to dismiss a complaint must decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of


allowance of the amendment, [or] futility of the amendment...."

Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspen, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party ... carries the greatest weight."  Eminence Capital, 316 F.3d at 1052.  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri–Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir.2007) (internal citations and quotations omitted).

## ANALYSIS

By way of its instant Motion, the Government argues this Court lacks jurisdiction over Plaintiff's claims because, though couched as being raised pursuant to the FTCA, in actuality, those causes of action arise from the Government's purported breach of the General Contract and thus the Tucker Act, 28 U.S.C. § 1491(a)(1), not the FTCA, applies to grant exclusive jurisdiction over Plaintiff's Complaint to the Court of Federal Claims.  The Government is correct.

"The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941).  Two waivers of the Government's sovereign immunity are pertinent here.  First, the FTCA waives the Government's immunity "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).  The Tucker Act, to the contrary, waives the Government's immunity and bestows exclusive jurisdiction on the Court of Federal Claims in all actions "founded…upon any express or implied contract with the United States…in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  Unlike with FTCA causes of action, "[i]t has long been established that the law to

be applied in construing or applying provisions of government contracts is federal, not state law." Woodbury v. United States, 313 F.2d 291, 295 (9th Cir. 1963).

"[F]ederal law must govern the interpretation and application of a contract which is the basis for jurisdiction in an action under the Tucker Act." Id.

Some claims, such as the one before this Court, may sound in both tort and contract. Indeed, the Ninth Circuit has recognized that "[m]any breaches of contract can also be treated as torts." Id. Where, however, "the cause of action is essentially for breach of contract, the Tucker Act [applies], even though the breach could also be said to be tortious." Id. at 296. In cases "where the 'tort' complained of is based entirely upon breach by the government of a promise made by it in a contract, so that the claim is in substance a breach of contract claim, and only incidentally and conceptually also a tort claim," that case is not brought within the FTCA. Id. at 295. Accordingly, "where…the action is essentially for breach of a contractual undertaking, and the liability, if any, depends wholly upon the government's alleged promise, the action must be under the Tucker Act, and cannot be under the [FTCA]." Id. at 296. Such is the case here.

Each of Plaintiff's causes of action is essentially one for breach of contract because each claim depends on the interpretation of the Government's contractual obligations under the General Contract. Namely, Plaintiff challenges whether the Government negligently performed its contractual duties to provide adequate plans and to properly inspect the Project site. The only manner in which the Court can ultimately determine whether the Government in fact acted negligently is to interpret the General Contract itself. No other basis for finding a breach of any duty is alleged in the Complaint, and therefore no amount of massaging can adequately re-shape Plaintiff's claims to fit within the FTCA.

Plaintiff disagrees with the Court's conclusion on two bases. Plaintiff first argues that, absent privity of contract with the Government, its claims must be brought under the FTCA. Plaintiff also relies on the distinguishable case Love v. United States, 915 F.2d 1242 (9th Cir. 1989), for the proposition that its state claims are viable here. Neither of these arguments is persuasive.

///

///

///

First, Plaintiff contends that its claims "are not contract claims because there is no contract between [Plaintiff] and the VA." Opposition, 8:5-7. Plaintiff's logic is that: 1) it lacks privity of contract with the Government; 2) it therefore cannot pursue a breach of contract action in the Court of Federal Claims; and 3) as a consequence, Tucker Act jurisdiction is foreclosed. The relevant test at this juncture, however, is not whether Plaintiff is in privity with the Government or whether Plaintiff can state a viable breach of contract claim. Rather, the test is whether Plaintiff's action is "founded…upon [an] express or implied contract." 28 U.S.C. § 1491(a)(1). Even if Plaintiff is not in privity with the Government, its claims, each of which turn on the Government's breach of the General Contract are so founded here.

Moreover, even assuming Plaintiff could not pursue its claims before the Court of Federal Claims on privity grounds, Plaintiff cites no cases, nor has the Court found any, indicating that those claims could then properly be brought in this Court. Litigants are not guaranteed a forum in which to sue the United States. It therefore does not follow as a matter of course that a lack of jurisdiction in the Claims Court mandates the presence of jurisdiction here. Stated another way, while the Claims Court's exercise of jurisdiction under the Tucker Act would indeed <u>deprive</u> this Court of jurisdiction, a lack of jurisdiction in that court does not necessarily <u>bestow</u> jurisdiction upon this one. Accordingly, while the privity inquiry may ultimately prove relevant in the proper court, it is not relevant here. See <u>United States Marine, Inc. v. United States</u>, 2012 WL 2052953, *4 (5th Cir. 2012) (misappropriation of trade secret claims brought by subcontractor not in privity with the Government were essentially claims founded on contract and thus subject to the Tucker Act).

In addition, this Court finds that Plaintiff's privity-based argument actually works against Plaintiff rather than for it. More specifically, if Plaintiff was in privity of contract with the Government, it would be clear that Plaintiff's instant claims are contract-based and must be

6

brought in the Court of Federal Claims. Plaintiff nonetheless asks this Court to permit a non-party to that same contract to bring those same contract claims in the district court pursuant to the FTCA.

///

If this Court were to accept Plaintiff's logic, non-parties to contracts, but not parties, would be free to pursue contract claims in the fora of their choosing, and the objective of achieving uniformity in interpreting federal contracts would be substantially undermined. See Woodbury, 313 F.2d at 295 (recognizing the "long established policy that government contracts are to be given a uniform interpretation and application under federal law, rather than being given different interpretations and applications depending upon the vagaries of the laws of fifty different states"). Plaintiff's first argument is thus rejected.

Plaintiff goes on to argue that the Ninth Circuit's decision in Love v. United States controls here. 915 F.2d 1242. In Love, the appellate court determined plaintiffs' conversion, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing and negligent performance of an undertaking to render services claims could proceed under the FTCA because, as alleged there, those causes of action did not "depend wholly upon the government's…promise." Id. at 1246, 1248. Instead, each of the plaintiffs' claims in that case turned on violations of state law that were separate and distinct from the Government's breaches of any of its contractual duties that may have been independently actionable. Id. at 1246-48. While the plaintiffs there could have raised breach of contract claims, they chose instead to pursue claims in which both the duty and the breach were made actionable by state law, and in which the contract between the plaintiffs and the United States was only remotely relevant. This case is different because Plaintiffs' instant action turns entirely on the Government's purported breach of its express or implied obligations under the General Contract. In fact, Plaintiff's state law theories serve only to enlarge the Government's contractual duties, and thus its liability under the applicable contract, to non-parties. Those theories do nothing to render the Government liable for any independent state tort that does not depend on the Government's breach of its contract

with Wynema.  Accordingly, this Court now holds that Plaintiff has failed to allege the Government waived its sovereign immunity under the FTCA, and Plaintiff's claim must be brought, if at all, before the Court of Federal Claims pursuant to the waiver of immunity in the Tucker Act.  The Government's Motion is thus GRANTED with leave to amend.

///

## CONCLUSION

For the reasons just stated, the Government's Motion to Dismiss (ECF No. 23) is GRANTED with leave to amend.  Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may (but is not required to) file an amended complaint.  If no amended complaint is filed within said twenty (20) day period, without further notice to the parties, the causes of action dismissed by virtue of this Memorandum and Order will be dismissed with prejudice.

IT IS SO ORDERED.

Dated:  August 6, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE